MELISSA M. HOLMES, Senior Deputy (State Bar No. 220961)
ROBERT A. ORTIZ, Senior Deputy (State Bar No. 246849)
Office of County Counsel, County of San Diego
1600 Pacific Highway, Room 355
San Diego, California 92101-2469
Telephone: (619) 531-5836; Fax: (619) 531-6005
E-mail: melissa.holmes@sdcounty.ca.gov

Attorneys for Defendant County of San Diego

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| K. C. A., (by and through his guardian, Amada Purvis), individually, and as a successor in interest to his father, Mark Armendo, deceased; Patrice Clines, individually,<br><br>    Plaintiffs,<br><br>v.<br><br>County of San Diego; Does 1-50,<br><br>    Defendants. | NO. 20-cv-2504-W-BLM<br><br>**DEFENDANT'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT**<br><br>Courtroom: 3C<br>District Judge: Hon. Thomas J. Whelan<br><br>**JURY TRIAL DEMANDED** |

Defendant County of San Diego ("County" or "Defendant") answers Plaintiffs K.C.A.'s (by and through his guardian, Amada Purvis), individually, and as a successor in interest to Mark Armendo, and Patrice Clines' (collectively, "Plaintiffs"), First Amended Complaint ("FAC") in light of this Court's August 3, 2021 order denying Defendant's Motion to Dismiss (ECF No. 17.). Defendant admits, denies, and alleges as follows:

///

///

///

# I.
# INTRODUCTION

1. Answering paragraph 1 of the FAC, Defendant generally and specifically denies each and every allegation therein. To the extent this paragraph also contains statements that do not constitute allegations directed at Defendant, no response is required to these statements. If any response is required to such statements, Defendant generally and specifically denies each and every allegation therein.

# II.
# JURISDICTION, VENUE, AND ADMINISTRATIVE EXHAUSATION

2. Answering paragraphs 2 and 3 of the FAC, Defendant admits that Plaintiffs filed a claim with the County and the County rejected the claim. Defendant further admits that jurisdiction is proper in the Southern District of California. As to the remaining allegations contained within or inferred by paragraphs 2 and 3, Defendant is without sufficient knowledge or information to form a belief as to the truth of those allegations and on that basis denies each and every allegation therein.

# III.
# PARTIES

3. Answering paragraphs 4 and 5 of the FAC, Defendant is without sufficient knowledge or information to form a belief as to the truth of those allegations and on that basis denies each and every allegation therein.

4. Answering paragraph 6 of the FAC, Defendant admits that the County of San Diego is a public entity, duly organized and existing under the laws of the State of California. Defendant further admits that the Sheriff's Department is the chief law enforcement agency for the County and that the Sheriff's Department operates the Vista Detention Facility. As to the remaining allegations contained within or inferred by paragraph 6, Defendant denies each and every allegation therein.

5. Answering paragraphs 7 through 10 of the FAC, Defendant denies each and every allegation therein.

## IV.
## FACTS

6. Answering paragraph 11 of the FAC, Defendant admits that Mark Armendo was in the County's custody in June 2020.

7. Answering paragraphs 12 through 16, 24, and 29 through 34 of the FAC, Defendant generally and specifically denies each and every allegation therein.

8. Answering paragraphs 17 through 23 of the FAC, Defendant avers that no response is required because the paragraphs do not state allegations against Defendant. Instead, the paragraphs simply refer to statements within San Diego Union Tribune articles. If any response is required to such statements in these paragraphs, Defendant generally and specifically denies each and every allegation therein.

9. Answering paragraphs 25 through 28 of the FAC, Defendant is without sufficient knowledge or information to form a belief as to the truth of those allegations and on that basis denies each and every allegation therein.

## V.
## CAUSES OF ACTION
## **FIRST CAUSE OF ACTION**

10. Answering paragraph 35 of the FAC, Defendant incorporates by reference its responses to paragraphs 1 through 34 of the FAC as though fully set forth herein.

11. Answering paragraph 36 of the FAC, Defendant admits that K.C.A. asserts this cause of action as Mr. Armendo's successor in interest. As to the remaining allegations contained within or inferred by paragraph 36, Defendant is without sufficient knowledge or information to form a belief as to the truth of those allegations and on that basis denies each and every allegation therein.

12. Answering paragraphs 37 through 46 of the FAC, Defendant generally and specifically denies each and every allegation therein. Specifically, Defendant denies all allegations regarding any alleged breach of duty by Defendant or its employees.

13. Answering paragraph 47 of the FAC, Defendant is without sufficient knowledge or information to form a belief as to the truth of those allegations and on that basis denies each and every allegation therein.

## SECOND CAUSE OF ACTION

14. Answering paragraph 48 of the FAC, Defendant incorporates by reference its responses to paragraphs 1 through 47 of the FAC as though fully set forth herein.

15. Answering paragraph 49 of the FAC, Defendant admits that K.C.A. asserts this cause of action as Mr. Armendo's successor in interest. As to the remaining allegations contained within or inferred by paragraph 49, Defendant is without sufficient knowledge or information to form a belief as to the truth of those allegations and on that basis denies each and every allegation therein.

16. Answering paragraphs 50 through 52 of the FAC, Defendant generally and specifically denies each and every allegation therein.

17. Answering paragraph 53 of the FAC, Defendant is without sufficient knowledge or information to form a belief as to the truth of those allegations and on that basis denies each and every allegation therein.

## THIRD CAUSE OF ACTION

18. Answering paragraph 54 of the FAC, Defendant incorporates by reference its responses to paragraphs 1 through 53 of the FAC as though fully set forth herein.

19. Answering paragraphs 55 and 56 of the FAC, Defendant admits that K.C.A. asserts this cause of action as Mr. Armendo's successor in interest. Defendant admits that Mr. Armendo was in County custody in March 2020 through early July 2020. As to the remaining allegations contained within or inferred by paragraphs 55 and 56, Defendant is without sufficient knowledge or information to form a belief as to the truth of those allegations and on that basis denies each and every allegation therein.

20. Answering paragraph 57 of the FAC, Defendant avers that no response is required because the paragraph consists of statements of law, argument or legal

conclusions. If any response is required to such statements, Defendant generally and specifically denies each and every allegation therein.

21. Answering paragraphs 58 through 62 of the FAC, Defendant generally and specifically denies each and every allegation therein.

## **FOURTH CAUSE OF ACTION**

22. Answering paragraph 63 of the FAC, Defendant incorporates by reference its responses to paragraphs 1 through 62 of the FAC as though fully set forth herein.

23. Answering paragraphs 64 through 68 of the FAC, Defendant generally and specifically denies each and every allegation therein.

## **FIFTH CAUSE OF ACTION**

24. Answering paragraph 69 of the FAC, Defendant incorporates by reference its responses to paragraphs 1 through 68 of the FAC as though fully set forth herein.

25. Answering paragraph 70 of the FAC, Defendant admits that K.C.A. asserts this cause of action as Mr. Armendo's successor in interest and Plaintiffs also assert the claim in their individual capacity.

26. Answering paragraphs 71 through 80 of the FAC, Defendant generally and specifically denies each and every allegation therein.

## **SIXTH CAUSE OF ACTION**

27. Answering paragraph 81 of the FAC, Defendant incorporates by reference its responses to paragraphs 1 through 80 of the FAC as though fully set forth herein.

28. Answering paragraph 82 of the FAC, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations and on that basis denies each and every allegation therein.

29. Answering paragraphs 83 through 84 of the FAC, Defendant generally and specifically denies each and every allegation therein.

///

///

## AFFIRMATIVE DEFENSES

1

(Failure to State Causes of Action)

As a first, separate and distinct affirmative defense, Defendant alleges that the FAC fails to state facts sufficient to constitute a cause of action upon which relief can be granted.

2

(No Common Law Negligence)

As a second, separate and distinct affirmative defense, Defendant alleges that it is not liable for common-law negligence and is only liable pursuant to statute by operation of section 815 of the Government Code.

3

(Reasonable Diligence/Mandatory Duty)

As a third, separate and distinct affirmative defense, Defendant alleges it is not liable for its failure to discharge a mandatory duty in that its deputies exercised reasonable diligence in the discharge of all duties as provided by section 815.6 of the Government Code.

4

(Superseding/Intervening Cause)

As a fourth, separate and distinct affirmative defense, Defendant alleges it is not liable by operation of sections 815.2, subdivision (b), and 820.8 of the Government Code in that the injuries and damages, if there were any, were caused by the acts or omissions of other persons, not deputies or employees of Defendant. Such superseding or intervening causes cut off the defendant's liability, if any.

///

///

///

5

(Contributory Negligence)

As a fifth, separate and distinct affirmative defense, Defendant alleges that Decedent himself acted unreasonably, carelessly and negligently in and about the matters alleged in the FAC in that Decedent did not exercise ordinary care, caution or prudence for his own safety and protection. These acts of unreasonableness, carelessness and negligence were the proximate cause of the alleged injuries, losses and damages, if there were any. However, if defendant is found legally responsible to Plaintiff, then defendant provisionally alleges that its acts or omissions were not the sole and proximate cause of Plaintiff's injuries and damages and that the damages awarded are to be apportioned according to the respective fault and legal responsibility of all parties, persons and entities who contributed to and/or caused the injuries and damages, according to proof presented at the time of trial.

6

(Assumption of Risk)

As a sixth, separate and distinct affirmative defense, Defendant alleges that on or before the date of the subject accident or incident, Decedent knew or reasonably should have known the hazards or dangers involved and, as a result, voluntarily assumed the risks in and about the matters alleged in the complaint.

7

(Estoppel)

As a seventh, separate and distinct affirmative defense, Defendant alleges that Plaintiffs are barred by the doctrine of waiver and is therefore estopped to maintain this action.

///
///
///
///

## 8
## (Unclean Hands)

As a eighth, separate and distinct affirmative defense, Defendant alleges that Plaintiff's conduct was undertaken with unclean hands, and as such he is estopped from pursuing his claims.

## 9
## (Failure to Mitigate)

As a ninth, separate and distinct affirmative defense, Defendant alleges that Plaintiffs failed, refused, and neglected to reasonably mitigate their damages, which bars or diminishes any recovery.

## 10
## (Laches)

As a tenth, separate and distinct affirmative defense, Defendant alleges that the causes of action are barred by laches.

## 11
## (Discretionary Immunity)

As an eleventh, separate and distinct affirmative defense, Defendant alleges it is not liable by operation of sections 815.2, subdivision (b), and 820.2 of the Government Code in that the injuries and damages, if there were any, resulted from exercise of discretion vested in public officers and employees.

## 12
## (Exercise of Due Care)

As a twelfth, separate and distinct affirmative defense, Defendant alleges it is not liable by operation of sections 815.2, subdivision (b), and 820.4 of the Government Code for the execution or enforcement of the law by public officers or employees exercising due care.

///

///

## 13
## (Good Faith)

As a thirteenth, separate and distinct affirmative defense, Defendant alleges it is not liable by operation of section 820.6 of the Government Code for injury caused by acts, in good faith, under the apparent authority of an enactment that is unconstitutional, invalid or inapplicable.

## 14
## (Medical Care Providers/Emergencies)

As a fourteenth, separate and distinct affirmative defense, Defendant alleges it is not liable for injuries rendered during emergency care by licensed medical care providers at the scene of an emergency, pursuant to section 2395 of the Business and Professions Code.

## 15
## (Policymakers)

As a fifteenth, separate and distinct affirmative defense, Defendant alleges that it is not liable for alleged violations of civil or constitutional rights by non-policymakers, or by policymakers who are acting on behalf of an entity other than the County.

## 16
## (Untimely Claim and Action under Government Code Sections 945.4 and 945.6)

As a sixteenth, separate and distinct affirmative defense, Defendant alleges that the action is barred by the failure of Plaintiffs to timely comply with the provisions of section 945.4 and 945.6 of the Government Code.

## 17
## (Res Judicata and/or Collateral Estoppel)

As an seventeenth, separate and distinct affirmative defense, Defendant alleges that Plaintiffs have already litigated all or some of the claims set forth in the FAC, such that those claims are barred by the doctrine of res judicata and/or collateral estoppel.

///

## 18
### (Statute of Limitations)

As a eighteenth, separate and distinct affirmative defense, Defendant alleges that the action is barred by the statute of limitations (including but not limited to Section 335.1 of the Code of Civil Procedure).

## 19
### (Collateral Source)

As a nineteenth, separate and distinct affirmative defense, Defendant alleges that pursuant to Government Code section 985, any judgment entered herein may be reduced for collateral source payments paid or obligated to be paid for services or benefits that were provided before trial commenced.

## 20
### (Punitive Damages Barred)

As a twentieth, separate and distinct affirmative defense, Defendant alleges that it is not liable for punitive or exemplary damages by operation of section 818 of the Government Code.

WHEREFORE, Defendant prays as follows:

1. That the action be dismissed with prejudice;
2. That Plaintiffs take nothing by their action;
3. That Defendant recovers its costs of suit incurred herein, including attorney's fees; and
4. For such other and further relief as the Court deems proper and just.

DATED: August 17, 2021            Office of County Counsel

By: s/ROBERT A. ORTIZ, Senior Deputy
Attorneys for Defendant County of San Diego